[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION FOR CONTEMPT REGARDING AUTOMATIC ORDERS CODED #168
The plaintiff has moved for an order finding the defendant in contempt of the automatic orders, alleging that the defendant has willfully withdrawn funds from a deferred compensation/profit sharing plan.
The court finds that after the dissolution of marriage action was served upon the defendant with the automatic orders and before the court rendered the Memorandum of Decision on March 11, 2002, the defendant withdrew funds from his combined 401k and profit sharing plan in the total amount of approximately $28,000. He received a net after funds were held for payment of federal and state taxes of $20,000. He used $8000 of that amount to pay to Suburban Construction, an additional $4000 to pay an outstanding debt to his cousin, payments on a car note and homeowner's insurance and automobile insurance, and payment of other bills. He presently has a balance of between $20,000 to $25,000 remaining in his combined 401k and profit sharing plan. The defendant argues that because there is an appeal pending from this court's decision finding that there is a valid marriage between him and the plaintiff and because he withdrew the funds prior to March 11, 2002, that he is not in willful violation of the automatic orders. The court is not persuaded by that argument. The automatic orders provide, in part, that "neither party shall assign, remove or in any way dispose of without the consent of the other party in writing or an order of a judicial authority any property except in the usual course of business or for customary and usual household expenses or for reasonable attorneys' fees in connection with this action." The automatic orders also provide that they shall be effective with regard to the defendant upon service and shall remain in place during the pendency of the action. The court finds that the defendant disposed of funds without the consent of the plaintiff and without the consent of a judicial authority, and that those funds were not disposed of in the usual course of business or for customary and usual household expenses or for reasonable attorney's fees. The court, therefore, finds that the CT Page 12620 defendant is in willful violation of the automatic orders.
The court orders that the defendant pay counsel fees to counsel for the plaintiff in the amount of $360 by December 24, 2002.
Axelrod, J.T.R. CT Page 12621